This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: October 13, 2022**

**No. S-1-SC-39013**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**LALO ANTHONY CASTRILLO, IV,**

      Defendant-Appellee.

**INTERLOCUTORY APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Jose Ramiro Coronado
Las Cruces, NM

for Appellee

### DISPOSITIONAL ORDER OF REVERSAL

**PER CURIAM.**

**{1}** WHEREAS, this matter came before the Court on the State's notice of appeal as of right pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972), requesting that this Court reverse the district court's decision to exclude the State's exhibits for trial following the State's late disclosure of those exhibits;

**{2}** WHEREAS, this Court entered an order remanding the matter to the district court for the limited purpose of allowing the district court to explain its decision to exclude the State's trial exhibits in accordance with the framework articulated in *State v. Harper*,

2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25, and clarified in *State v. Le Mier*, 2017-NMSC-017, ¶¶ 20-23, 394 P.3d 959;

**{3}** WHEREAS, the district court judge filed a memorandum with this Court determining, among other things, that the State was not prejudiced because the district court "did not exclude witnesses or any proposed testimony," but instead only excluded demonstrative aids, and that "[t]here were . . . issues with the proposed exhibits that would have ultimately led to exclusion independent of the deadlines imposed by the Pretrial Scheduling Order, e.g., [Rules] 11-403[ and] 11-1006 [NMRA]." In support of its determination, the district court included with its memorandum Attachment A, a chart explaining the reasons the district court believed each of the exhibits would have ultimately been excluded;

**{4}** WHEREAS, the undersigned Justices have considered the briefs, argument of the parties, and the district court judge's memorandum to this Court, and are fully informed on the issues and applicable law;

**{5}** WHEREAS, the district court failed to adequately explain the reasons for its exclusion of the State's exhibits in light of the circumstances surrounding the State's delayed disclosure and further improperly prejudged the proposed exhibits without argument from the parties; and

**{6}** WHEREAS, the district court abused its discretion when it excluded the State's exhibits;

**{7}** NOW, THEREFORE, IT IS ORDERED that the decision of the district court to exclude the State's exhibits is reversed and the matter is remanded to the district court for further proceedings consistent with this order. On remand, the case shall be assigned to a pro tem judge designated by this Court to conduct all remaining proceedings, including but not limited to the trial on the merits.

**{8}** **IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**